IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                                    RESPONDENT

V.                            CASE NO. 4:08-CR-40006
                              CASE NO. 4:10-CV-4165

KEVIN GEROME LEGGITON                                                          MOVANT

## ORDER

Before the Court is the Report and Recommendation filed May 4, 2011 by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 66). Judge Bryant recommends denying Movant's Motion to Vacate, Set Aside, or Correct a Sentence. (ECF No. 46). Movant has timely objected to the report and recommendation. (ECF No. 67). Reviewing the record *de novo*, 28 U.S.C. § 636(b)(1) (2006), the Court will adopt the report and recommendation as its own.

In May 2008 Movant pleaded guilty to one count of producing child pornography in violation of 18 U.S.C. §§ 2251(a) and (e). In October 2008 he was sentenced to 235 months' imprisonment, $4,000 in restitution, a $100 special assessment, and supervised release for life. Through appointed counsel, he timely filed a notice of appeal. On appeal, Movant's counsel filed an *Anders* brief moving to withdraw, noting the absence of nonfrivolous issues but suggesting nevertheless that Movant's sentence was excessive. After that, Movant wrote and filed his own appellate brief challenging his sentence in July 2009. The Eighth Circuit affirmed the district court, finding the sentence reasonable. (ECF No. 44).

Movant filed the pending motion to vacate under 28 U.S.C. § 2255. Movant finds four main faults with his criminal proceeding: (1) at his change-of-plea hearing, Movant was not sufficiently informed of his rights per Fed. R. Crim. P. 11; (2) at his sentencing hearing, the Court misstated a criminal statute in Movant's indictment; (3) the Court erred in applying to Movant a four-offense-level enhancement for conduct relating to 18 U.S.C. § 2241; and (4) Movant's counsel was ineffective. Judge Bryant found each of Movant's arguments without merit. The Court will address each of Movant's objections in turn.

## I. Change-of-plea hearing

Judge Bryant found Movant's arguments about the change-of-plea hearing procedurally barred because Movant failed to raise them in his direct appeal. *See Matthews v. United States*, 114 F.3d 112, 113 (8th Cir. 1997). When that happens, the new arguments can be heard only if Movant shows an excusing cause and actual prejudice arising from the asserted errors. *Id.* (quoting *Bousley v. Brooks*, 97 F.3d 284, 287 (8th Cir. 1996), *rev'd on other grounds* 523 U.S. 614 (1998)). Judge Bryant found that Movant had shown neither, and had not even alleged actual innocence (the other ground for excusing a procedural default). Judge Bryant found, moreover, that even if Movant had not procedurally defaulted, he still failed to show any Rule 11 violation warranting reversal.

Movant objects that Judge Bryant failed to treat Movant's pleadings with sufficient liberality, given Movant's pro se status. The Eighth Circuit, however, "[has] held that pro se status standing alone is insufficient to establish cause for a procedural default." *Sherron v. Norris*, 69 F.3d 285, 289 (8th Cir. 1995) (citing *Scroggins v. Lockhart*, 934 F.2d 972, 975 (8th Cir. 1991)). Movant's objection that his pro se status entitled him to a lower standard of cause is therefore unavailing.

## II. Sentencing hearing

Judge Bryant found that contrary to Movant's argument, Movant was sufficiently informed at his sentencing hearing of his right to appeal, and that the Court's misstatement of a statute in Movant's indictment had no effect on the validity of Movant's guilty plea.

Movant does not press the right-to-appeal point. After all, he properly appealed the Court's sentence. Movant does, however, object to Judge Bryant's finding that the Court's statutory misstatement caused no infirmity in Movant's guilty plea. Movant argues that the misstatement constructively amended the indictment.

Movant was indicted for a violation of 18 U.S.C. §§ 2251(a) and (e). That statute citation appears on the face of the indictment, together with a factual recitation of precisely how Movant was alleged to have violated it. At his initial appearance, Movant waived a reading of the indictment, but Judge Bryant told Movant exactly what statute he was charged under: 18 U.S.C. §§ 2251(a) and (e). (ECF No. 35, at 8).

At Movant's change-of-plea hearing, the Court read the indictment, but where the indictment literally states (speaking of the term "visual depiction of sexually explicit conduct"), "as that term is defined in Title 18, United States Code, Section 2256…," the Court read it as stating, "as that term is defined *in the law*…." (ECF Nos. 1 & 35, at 15) (emphasis added). The Court simply substituted the cumbersome statutory citation with the colloquial phrase, "in the law." Nothing in the indictment's meaning was changed.

At Movant's sentencing hearing, the Court read that same sentence as, "as that term is defined in Title 18, United States Code § 2254…." (ECF No. 35, at 26). At sentencing, in other words, the Court inadvertently cited § 2254 instead of § 2256.

Movant takes this series of transpositions to have constructively amended the indictment. An indictment is constructively amended "when the essential elements of the offense set forth in the indictment are in effect altered by the prosecutor or the court after the grand jury has passed upon them." *United States v. Gill*, 513 F.3d 836, 849 (8th Cir. 2008) (internal quotation omitted). The basic feature and harm of a constructive amendment to an indictment is that it opens the door to a defendant being convicted of an offense for which he was not charged. *See id.* at 849.

The indictment in this case charged Movant with violating 18 U.S.C. §§ 2251(a) and (e). Judge Bryant told Movant so at the initial appearance. At the change-of-plea hearing, the Court did not misstate the statute in the indictment so much as refer to it generally rather than specifically. Movant's plea agreement stated the proper statutory provision. (ECF No. 16, at 1). Movant signed the plea agreement. The judgment entered by the Court against Movant lists 18 U.S.C. §§ 2251(a) and (e) as the section under which he is adjudicated guilty. Thus, the indictment under which Movant was prosecuted, to which he pleaded guilty, and under which he was sentenced was the same throughout. Moreover, the statute misstated was not actually the statute under which Movant was charged at all—it was merely a definitional statute upon which the charging statute relied.

There was, therefore, no constructive amendment in this case.[1]

### III.    Sentencing enhancement

Judge Bryant found that Movant's challenge to his sentencing enhancement—a four-level increase per U.S.S.G. § 2G2.1(b)(2)(B)—was procedurally barred because Movant raised that very issue in his direct appeal. Movant objects that finding him subject to a four-level enhancement because he was covered by 18 U.S.C. § 2241 (a) or (b) amounted to a constructive

---

[1] Movant argues that a constructive amendment raises jurisdictional issues, but the Court need not consider that point because there was no constructive amendment in this case.

amendment of the indictment. Movant essentially argues that if he wasn't charged with § 2241 (a) or (b) (aggravated sexual abuse), then he should not have received a sentencing enhancement based on that statute.

First, Movant's argument is procedurally barred. Movant raised the sentencing-enhancement issue in his direct appeal, and the Eighth Circuit found his sentence reasonable. Second, there was no constructive amendment. When Movant pleaded guilty, he signed a nine-page plea agreement that contained one section headed: "Agreement Does Not Promise A Specific Sentence," and another headed: "Relevant Conduct Considered." (ECF No. 16, at 6). These sections apprised Movant that (1) if the guideline sentence range is greater than the parties expect, his plea will stand nonetheless; and (2) at sentencing, the Court is allowed to consider Movant's relevant conduct, including conduct forming the basis for the charge and plea.

There was thus no bait-and-switch at sentencing when the Court applied the enhancement. Movant was alerted to the possibility, and he was sentenced according to the charge to which he pleaded.

**IV.** **Ineffective assistance**

Judge Bryant found that Movant's ineffective-assistance-of-counsel claims fail for lack of showing that counsel's performance fell below an objective standard of reasonableness and that Movant's defense was prejudiced even if counsel's performance did fall below the standard. Movant objects that counsel's failure to investigate and press the issue of Movant's legal blindness caused counsel's performance to fall below the reasonableness standard.

Movant's objection is unpersuasive. First, he has not alleged that his blindness is total. Legal blindness is not total blindness. *See, e.g.*, *Kennard v. Zickefoose*, No. 09-5972 (RBK), 2010 WL 1253889, at *4 (D.N.J. Mar. 29, 2010) ("'Legal blindness' is different from being

totally blind…."); *Morton v. Wiley*, 271 Ark. 319, 320, 609 S.W.2d 322, 323 (Ark. 1980) (legally blind person could read a ruler and count money). Second, Movant admitted to taking pictures of the victim. (ECF No. 16, at 2). In other words, he admitted making a visual depiction. In sum, Movant has not shown that his legal blindness was such a strong defense that his counsel was unreasonable in not pursuing it.

**CONCLUSION**

For the reasons above and those stated in Judge Bryant's report, the Court adopts Judge Bryant's Report and Recommendation (ECF No. 66) in its entirety. Accordingly, Movant's Motion to Vacate, Set Aside, or Correct a Sentence (ECF No. 46) should be and hereby is **DENIED**.

IT IS SO ORDERED, this 16th day of October, 2012.

/s/ Harry F. Barnes
Hon. Harry F. Barnes
United States District Judge